THE TERRITORY OF OKLAHOMA, *ex rel.*, J. H. WOODS, *County Attorney of Oklahoma County*, vs. THE CITY OF OKLAHOMA, *et al.*

1. A contract entered into by a city, whereby such city contracts to pay the sum of $4,400 per annum for a term of twenty years as rental for water hydrants, does not create a present indebtedness against

said city in a sum equal to the aggregate amount of such rentals for
for the entire period of time for which the contract is to run.

*Error from Oklahoma County.*

*J. H. Woods*, for appellant.

*W. R. Taylor* and *F. P. Lindsay*, for appellee.

The opinion states the facts and was delivered by

DALE, C. J.: On June 18, 1894, in the absence of the
distr.ct judge of the county of Oklahoma, the probate
judge issued a temporary restraining order against the
defendants, restraining them from issuing, negotiating
or delivering, or attempting to issue bonds purporting
to have been issued by the city of Oklahoma City in the
sum of $29,500.    On the day following the defendants
filed a motion in the district court to dissolve the tem-
porary injunction, theretofore granted by the probate
judge.    On the 20th day of June the matter came on
for hearing before the district judge, all parties being
present.    The court, after hearing the matter, dis-
solved the temporary injunction, from which judg-
ment the plaintiff in error brings the case here on ap-
peal.

It appears that on the 21st day of October, 1893, the
defendant, by its duly authorized officers, executed its
certain funding bonds, in a sum aggregating $29,500,
and that such defendants were about to issue and ne-
gotiate bonds; and for the purpose of preventing the
issuance and negotiation of such bonds the plaintiff
instituted this proceeding in the court below and now
brings the case here for a reversal of the decision
of the district court in holding that the bonds might
properly issue, and that the restraining order should
be dissolved.

From the record as thus presented we find that the
city of Oklahoma City is a public corporation, by vir-

tue of the laws of Oklahoma Territory; that the assessed valuation of the taxable property within the city of Oklahoma City, for the year 1893, was $1,432,-000; that there was, at the time this suit was instituted in the lower court, an indebtedness outstanding against the said city in the sum of $17,500; that the city had previously entered into a contract, for a period or term of twenty years, with one D. H. Scott, and his assigns, to erect and maintain for such period, a system of water works, for the purpose of providing the city of Oklahoma City and its inhabitants with water for fire and domestic purposes; that said contract was by ordinance, § 4 of such ordinance being as follows:

"The city of Oklahoma City hereby rents of and from the said D. H. Scott and his assigns, for the period of time or term of the privileges hereby granted, a portion of the waterworks system herein authorized to be constructed, to:wit: eighty two-tipped, anti-freezing hydrants, and to pay as rental therefor the sum of $55.00 per annum, payable semi-annually, for each and every one of said hydrants, and at a proportionate rate for applications for a year."

That the funding bonds sought to be issued by the city were in the sum of $29,500, and to restrain which this action was instituted, are an obligation additional to that of the sum of $17,500, and that created by the contract for the supply of water, and it is contended that the same cannot be legally issued for the reason that such indebtedness is in conflict with the act of congress, approved July 3, 1889, which provides as follows:

"That no political or municipal corporation, county or other subdivision, in any of the territories of the United States, shall ever become indebted in any manner or for any purpose in any amount in the aggregate, including existing indebtedness, exceeding 4 per centum of the value of the taxable property within

such corporation, county or subdivision, to be ascertained by the last assessment for territorial and county taxes previous to the incurment of such indebtedness, and all bonds or obligations in excess of such amount given by any such corporation shall be void."

There is no controversy as to the taxable valuation of the property of Oklahoma City, for the year 1893, and the only question for our consideration is, whether or not, the contract entered into between the city and the waterworks company, for the period of time named, shall be considered an indebtendess against the city of Oklahoma City for the full amount to which the city might become liable under the terms of such contract. Four per centum of the taxable valuation of Oklahoma City amounts to $75,171. It is agreed that the city has outstanding bonds in the sum of $17,500; that the bonds sought to be funded, and out of which proposed act this controversy grows, are in the sum of $29,500, making a total of $47,000, and that bonds to the amount of $29,500, may be legally issued, provided it is found that the contract for the waterworks does not create an existing debt against the city in the sum covered by the entire period of time for which the contract is to run, to-wit: $88,000; that if it shall be held by this court that said contract creates a present and existing indebtedness against the city of Oklahoma City, then the bonds sought to be funded cannot be legally issued against the said city.

We will, therefore, confine ourselves simply to the one proposition as to whether or not the contract for twenty years providing for the payment of an annual rental of $4,400 creates an indebtedness of $4,400, or an indebtedness for the aggregate amount for which the city might, under certain circumstances, become liable.

Upon examination of the authorities it will be found that the different courts of the states and territories,

in passing upon similar statutes, have held to different views upon this question.   The supreme court of the state of Michigan, in the case of *Niles Waterworks vs. The Mayor*, *et al.*, found in vol. 59. p. 311, held to the view, as stated by them, that a contract for the use of fifty water hydrants per year, at $50 each, for the term of thirty years, creates a liability against the city to the full extent of the thirty years' rental, and that, under the contract, similar to the one we have under consideration, the city was prohibited, by reason of a statute which, in effect, is the same as ours, from entering into such contract.

The case was decided upon the authority of the decisions of that state, referred to as follows:

*Detroit vs. Michigan Paving Co.*, 36 Mitchell, 335.
*Detroit vs. Rimson*, 38 Mich., 38,—

two of the justices concurring, one dissenting.   The same construstion, upon a similar statute, obtains in Illinois, Montana, Oregon and numbers of other states. The contrary view of the question is held by New Jersey, Massachusetts, New York, Iowa and Indiana courts, so that it will be seen that the courts have divided upon the question before us, and it is for us to determine upon which side of the proposition we find the better reason.   The case is a very important one to the defendant   If we hold that the contract to pay an annual water rental of $4,400 during the period of twenty years creates a debt for the aggregate sum of $88,000, and is a debt within the provision embodied within the act of congress, we shall lay down a principle that would in a great majority of instances in this territory put an end to municipal government. If it shall be found that the agreement to pay a given sum each year, for a long period of years, constitutes a debt for the aggregate sum resulting from adding together all the yearly installments, then it is ex

tremely doubtful whether there is a city in this territory having authority to repair streets, build sidewalks or carry out any other municipal improvements, for the most of our cities have contracts for water supplies and electric lights, running for a long series of years, in which the aggregate amount of annual rents would of themselves equal, if not exceed, the limit prescribed by the law of congress.

It may be conceded that the act of congress referred to is intended to cover any and all kinds of indebtedness, and that it was not intended to leave any room whatever for construction as to the proper meaning of the act.

This whole question is very ably considered and reviewed by Reed, chief justice, in the case of the *City of Valparaiso, et al., vs. Gardner*, 99 Ind., p. 1. In that decision the learned chief justice takes up the entire question, cites the different authorities bearing upon this question, from both sides, cites numerous illustrations, and finally concludes that a contract of the kind that we have here under consideration does not create an aggregate indebtedness of the character intended to be prohibited by the act of congress. The reasoning, the illustrations used, and the authorities considered are, it seems to us, so conclusive upon the question, that we will content ourselves with affirming the decision of the court below, without going into an extended discussion of the question, as we believe the matter to be properly settled in the case in Indiana referred to.

The judgment of the lower court is affirmed.

Justice Scott not sitting; all the other Justices concurring.