## ROGERS v. OKLAHOMA CITY.

No. 3421. Opinion Filed November 24, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 357.)

1. MUNICIPAL CORPORATIONS—Contracts—"Present Indebtedness"—Constitutional Limitations. A contract to furnish meals for the prisoners confined in the city jail during the incumbency of the then city marshal at ten cents per meal, payable after the meals are furnished, according to the city ordinances, although the period covered by the contract extends beyond the fiscal year in which the contract is signed, does not constitute a present indebtedness, and is not repugnant to section 26, art. 10, Const., nor in violation of section 765, Comp. Laws 1909.

2. DAMAGES—Contracts—Breach—Measure of Damages. Where a party furnishes meals in accordance with the terms of his contract, and is prevented by the city from further performing his contract, the measure of damages is the difference between the cost of production and the contract price from the date of the breach to the expiration of the period covered by the contract.

(Syllabus by the Court.)

*Error From Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by C. G. Rogers against the City of Oklahoma City. Judgment for less than the sum demanded, and plaintiff brings error. Reversed and remanded for new trial.

*D. B. Welty* and *W. H. Caudill,* for plaintiff in error.

*J. W. Johnson* and *Verde V. Hardcastle,* for defendant in error.

LOOFBOURROW, J. On May 11, 1909, C. G. Rogers, plaintiff in error, entered into a contract with John Hubatka, city marshal for the city of Oklahoma City, whereby Rogers agreed "to feed all of the city prisoners in the city jail of Oklahoma City at the stipulated price of ten cents per meal during the term of office of John Hubatka." The plaintiff furnished meals for the prisoners as per the contract during the remainder of the fiscal year ending June 30, 1909, and continued so to do until the 23rd day of December, 1909, and was paid by the city for the meals furnished and received to that date, at which time the city refused to permit him to carry out his contract, and the mayor notified the plaintiff of such fact. The plaintiff by this action seeks to recover the benefit of his bargain under the contract. When the plaintiff rested his case the court sustained a demurrer of the defendant to the evidence of the plaintiff and instructed the jury to return a verdict against the defendant in favor of the plaintiff in the sum of $1. From this judgment plaintiff appeals.

Counsel for the city, in their brief, says:

"The contract sued on in this case was made with Hubatka, marshal of the city of Oklahoma City, and appears from the answer of the city and the evidence produced on the trial to have been accepted and ratified by the city."

Counsel for the city contend that the contract is void, for the reason that:

"The city had no power to contract beyond the fiscal year 1908-09, and that the contract is void for the reason that it is in contravention of section 765, Comp. Laws 1909, which declares to be unlawful the making of any contract for, or incurring any indebtedness against, the city in excess of 80 per cent. of the tax levied for city expenses during the current year," etc.

Section 26, art. 10, Constitution, provides:

"No county, city * * * shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year. * * *"

The question presented is whether the contract created a present indebtedness on one in futuro. Under this contract the city must have in its jail prisoners to be fed, and the plaintiff must have furnished the meals before the city became indebted to him. If the city jail contained no prisoners, then there could be no indebtedness on the part of the city under the contract.

Counsel for the city rely upon *Haskins & Sells v. Oklahoma City,* 36 Okla. 57, 126 Pac. 204. Commissioner Harrison, in the opinion, very clearly distinguishes between a contract which creates a present indebtedness and one in futuro; that case being one wherein the city entered into a contract with an accountant for the auditing of the city's books and the installation of a new auditing system at a stipulated price per diem, etc., the work to begin at once (June 12, 1903), and continue until completed (running into the year 1904), and held that, where there is no provision in the contract as to when or how the services are to be paid for, such contract should be construed as an entirety, the rate per diem being a mere means of estimating the entire debt, and holding that "the indebtedness incurred thereunder is a present indebtedness, chargeable against the city's funds for the cur-

rent year in which the contract is made." In that case the amount of work depended upon no contingency or no future act, wish, or want of the city. The service to be rendered involved an examination of the books in their then present condition. The exact service to be rendered was then definite and certain and the indebtedness incurred under the contract was a proper charge against the city for that year, if the revenues for that year had been sufficient to pay it. In the opinion the following language is quoted from *Burlington Water Co. v. Woodward,* 49 Iowa, 58, in determining whether a contract or ordinance creates a present indebtedness or one *in futuro:*

"The material and only question, therefore, is whether an indebtedness was thereby created within the constitutional inhibition. It is believed the Constitution applies not only to a present indebtedness, but also to such as is payable on a contingency at some future day or which depends on some contingency before a liability is created. But it must appear such contingency is sure to take place, irrespective of any action taken or option exercised by the city in the future. That is, if a present indebtedness is incurred or obligation assumed which, without further action on the part of the city, have the effect to create an indebtedness at some future day, such are within the inhibition of the Constitution. But, if the fact of the indebtedness depends upon some act of the city, or upon its volition, to be exercised or determined at some future day, then no present indebtedness is incurred, and none will be until the period arrives, and the required act or option is exercised, and from that time only can it be said there exists an indebtedness."

In *Territory of Oklahoma v. City of Oklahoma,* 2 Okla. 158, 37 Pac. 1094, it is held that:

"A contract entered into by a city, whereby such city contracts to pay the sum of $4,400 per annum for a term of 20 years as rental for water hydrants, does not create a present indebtedness against said city in a sum equal to the aggregate amount of such rentals for the entire period of time for which the contract is run."

In *City of Denver v. Hubbard,* 17 Colo. App. 346, 68 Pac. 993, it is held:

"A contract to furnish a city with light for ten years, which is to be paid for annually as furnished, is not obnoxious to Constitution, art. 11, par. 8, limiting the extent of municipal indebtedness, where each annual payment is within the limit, though the aggregate amount that will become due for the entire period greatly exceeds the limit of indebtedness the municipality may incur."

In *McBean v. City of Fresno,* 112 Cal. 159, 44 Pac. 359, 31 L. R. A. 794, 53 Am. St. Rep. 191, section 18, art. 11, of the California Constitution being almost identical with section 26, art. 10, of the Oklahoma Constitution, *supra,* a contract for the disposal of the sewerage of the city for five years, for the sum of $4,900 per annum, payable quarterly, was held valid, and not in violation of the constitutional provision, See, also, *Doland v. Clark,* 143 Cal. 176, 76 Pac. 958.

In *Crowder v. Sullivan,* 128 Ind. 486, 28 N. E. 94, 13 L. R. A. 647, a contract between a city and a private corporation whereby the latter agrees to supply the city with light for a specified number of years at a certain price per year does not create a debt for the sum of all the annual payments within the meaning of the constitutional limitation on municipal indebtedness; since the payment for each year does not become obligatory until the services for that year have been rendered.

In *Swanson v. City of Ottumwa,* 118 Iowa, 172, 91 N. W. 1052, 59 L. R. A. 620, it is stated in the opinion:

"A city may enter into a valid contract covering a long term of years for water, lights, and other similar expenses, agreeing to pay therefor in installments as furnished, although the aggregate of payments thus to be made is largely in excess" of the constitutional limit; "the explanation assigned for this holding being that the debt for each year is not to be considered as accruing

until the service for that year has been rendered"citing numerous authorities.

In *Walla Walla v. Water Co.,* 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341, the city made a contract with the water company to furnish water for the city for a period of 25 years, agreeing to pay $1,500 per annum therefor. Mr. Justice Brown, speaking for the court, said:

"But we think the weight of authority, as well as of reason, favors the more liberal construction that a municipal corporation may contract for a supply of water or gas or like necessary, and may stipulate for the payment of an annual rental for the gas or water furnished each year, notwithstanding the aggregate of its rentals during the life of the contract may exceed the amount of the indebtedness limited by the charter. There is a distinction between a debt and a contract for a future indebtedness to be incurred, provided the contracting party perform the agreement out of which the debt may arise. There is also a distinction between the latter case and one where an absolute debt is created at once, as by the issue of railway bonds, or for the erection of a public improvement, though such debt be payable in the future by installments. In the one case the indebtedness is not created until the consideration has been furnished; in the other the debt is created at once, the time of payment being only postponed.

"In the case under consideration the annual rental did not become an indebtedness within the meaning of the charter until the water appropriate to that year had been furnished. If the company had failed to furnish it, the rental would not have been payable at all, and, while the original contract provided for the creation of an indebtedness, it was only upon condition that the company performed its own obligation."

We are aware that this court, in *Campbell v .State,* 23 Okla. 109, 99 Pac. 778, held that section 2, art. 8, c. 32, Sess. Laws Okla. 1897, providing for the construction of courthouses and jails upon the rental plan, is repugnant to section 26, art. 10, of the Constitution, *supra.* In that case C. made a contract with the

board of county commissioners to build a courthouse for $139,252, payable in twenty installments; but that case is clearly dis-tinguished from the case at bar, for the reason that that was a present indebtedness with deferred payments, and the expenditure was not authorized by a vote of the people.

The contract in the case at bar was not void for the reasons assigned by counsel for the city in their briefs; the case was not defended upon this theory in the court below; neither the plead-ings nor the evidence presented such issue. Counsel for plain-tiff in error have, in their brief, presented their argument and authorities upon the issues joined in the trial of the case, and, as the case must be reversed, we deem it proper to say that the measure of damages in this case is the difference between the cost of production and the contract price.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

RIDDLE and BLEAKMORE, JJ., concur. KANE, C. J., and TURNER, J., absent and not participating.