INTERNATIONAL & G. N. RY. CO. et al. v. DAWSON et al. (No. 7746.)

(Court of Civil Appeals of Texas. Dallas. March 10, 1917.)

1. JUDGMENT ☞530 — PARTIES — PRESUMPTION.

The presumption is that judgment of the county court simply for plaintiffs was rendered against both defendants, who had appealed from adverse judgment of a justice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 974.]

2. JUDGMENT ☞310—CORRECTION AT SUBSEQUENT TERM.

Judgment for plaintiffs merely may be corrected at a subsequent term to insert names of defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 601–603.]

3. RAILROADS ☞254(5)—EFFECT OF RECEIVERSHIP—TORTS.

A railroad is not liable for penalty for allowing Johnson grass to go to seed on its right of way after its property had passed into the possession and control of a receiver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 771.]

4. RAILROADS ☞254(5)—RECEIVERS—LIABILITY—JOHNSON GRASS ON RIGHT OF WAY.

Rev. St. 1911, arts. 6601, 6602, declaring it unlawful for a railroad to allow Johnson grass to go to seed on any right of way owned, leased, or controlled by it, and giving a right of recovery against it if it does permit it, does not include, and does render liable, receivers of the road for allowing it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 771.]

5. RECEIVERS ☞174(1)—ACTION AGAINST—LEAVE OF COURT.

Receivers cannot be sued without permission of the federal court which appointed them.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–335.]

Appeal from Ellis County Court; W. M. Tidwell, Judge.

Action by J. E. Dawson and others against the International & Great Northern Railway Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Wilson, Dabney & King, of Houston, and Will Hancock and Supple & Harding, all of Waxahachie, for appellants. Clyde F. Winn and S. E. Dawson, both of Waxahachie, for appellees.

RAINEY, C. J. This suit was brought in the justice court by appellees against the railroad company and its receivers to recover penalties for $200 for allowing Johnson grass to go to seed on the right of way of appellant running through appellees' farm. A trial was had and judgment rendered for plaintiffs, from which an appeal was taken to the county court, where judgment was again rendered for plaintiffs for $50, from which latter judgment an appeal was taken to this court by the receivers.

No briefs were filed in this court by the appellees, and the case was submitted alone on the briefs of appellant.

After judgment was entered in the county court, the motion for new trial overruled, and the appeal perfected, it was discovered by the parties that the judgment did not dispose of the railroad company, and a motion by both parties was made to the judge to permit the clerk to interline the name International & Great Northern Railway Company, in the judgment, which permission was granted; but the clerk failed to make said entry. Thereupon a motion was made by appellant to the judge to withdraw said motion, which was granted. Afterwards, at a succeeding term of the court, appellees again moved that correction be made nunc pro tunc so as to dismiss the railway company from the suit, which was granted, except that judgment was entered against both defendants.

The first and second assignments of error are grouped and presented together. They are as follows: (1) "That the motion was wholly insufficient to warrant any such proceedings." (2) Because it, the motion, could not be ascertained from the entry on the court's docket what judgment the court did render in the case, nor did it show what disposition was made of the two defendants in the case. The propositions made are:

(1) "At a subsequent term of the court the judgment cannot be amended or corrected except by a reference to some entry upon the docket or memorandum found among the files of the case."

(2) "A judgment 'nunc pro tunc' can only be entered as the judgment which was actually pronounced by the court at the time he did render a judgment."

[1] The entry on the judge's docket was as follows:

"Case tried before the court and judgment for plaintiff for $25 for one penalty in September, 1914, and one penalty of $25 for August, 1915, and in the aggregate of $50."

The docket entry shows that judgment was rendered for plaintiffs for $50, which we think was evidently intended against the defendants. They were sued and defended in the justice court, as shown by the justice, and judgment that both the railway company and receivers were parties, and an appeal was given to the county court by both parties. No other parties were made to the case, and we think the legal presumption would obtain that

they were the parties against whom the judgment was rendered.

[2] The power of the court to correct the judgment at a subsequent term is fully authorized, we think, by our statute, as was held by our Supreme Court in Russell v. Miller, 40 Tex. 495.

[3] The court erred in rendering judgment against the railway company, because the evidence shows that the damages claimed accrued while the railroad was in the hands of a receiver appointed by the federal court. A railway company is not liable for damages suffered after its property has passed into the possession and control of a receiver. Railway Co. v. Green, 183 S. W. 829; Freeman v. Barry, 133 S. W. 748.

[4] On the question of the receivers' liability, in view of the authorities, we have concluded that the court erred in rendering judgment against them. Under the statute authorizing a recovery against railway companies for allowing Johnson grass to go to seed on their right of way and providing for penalties and damages, it does not include receivers as parties subject to such penalties and damages. Revised Stats. 1911, arts. 6601, 6602; Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262.

The possession of the receivers is the possession of the court appointing them, and it is held by the Supreme Court of the United States that receivers are not subject to statutory penalties and the statute cannot be construed to extend to them. U. S. v. Harris, 177 U. S. 305, 20 Sup. Ct. 609, 44 L. Ed. 780.

[5] The receivers in this case having been appointed by a federal court, it was necessary to obtain the permission of said court to sue the receivers, and, such permission not having been obtained, a recovery against them cannot be had. Morse v. Tackaberry, 134 S. W. 273; Railway Co. v. Vivian, 180 S. W. 952.

In view of what we have here said, the judgment is here reversed and here rendered for both the railroad company and the receivers.

Reversed and rendered.