## BATSON v. BENTLEY ·et al.   (No. 2955.)

Court of Civil Appeals of Texas.   Amarillo. Jan. 25, 1928.

Rehearing Denied March 7, 1928.

**1. Judgment ⬤⟿326—Contract and pleadings held to authorize court to enter judgment nunc pro tunc adding name of defendant omitted from original judgment (Rev. St. 1925, art. 2229).**

Where, in original judgment, court stated that plaintiff was entitled to recover as to either defendant omitting name of one defendant, written contract sued on, petition, and answer furnished sufficient evidence in writing to authorize entry of judgment nunc pro tunc by adding omitted name of one of defendants under Rev. St. 1925, art. 2229.

**2. Brokers ⬤⟿86(1)—Ruling holding contract unenforceable for failure of consideration held not error on ground that written contract purported consideration, where evidence showed plaintiff failed to perform.**

In suit on contract to convey share of royalties in land in consideration of plaintiff selling royalties to pay· off incumbrance on land, where evidence authorized conclusion that plaintiff did not sell royalties or leases or perform services contracted for and that foreclosure suit had been filed before defendants succeeded in making sale, ruling by trial court that contract was unenforceable for plaintiff's failure to perform services was not error on ground that written contract reciting payment of one dollar purported consideration and because testimony showing failure of consideration, not pleaded though unobjected to, could not be made basis for defeating written instrument.

**3.· Brokers ⬤⟿7—Agreement for sharing royalty and proceeds of royalty sold by plaintiff held not to grant exclusive agency to sell royalty.**

Royalty agreement reciting agreement by defendants to give plaintiff one-half of royalty in land described and to ·divide equally all money obtained for certain royalties and to execute to deeds therefor, royalty when sold to be sat-

isfactory to both parties, did not give plaintiff exclusive agency to sell royalties.

**4. Mines and minerals ⬤⟿79(1)—Agreement providing for division of proceeds from royalties and execution of deeds therefor, sale to be satisfactory to defendants, held not conveyance or sale of royalty.**

Royalty agreement reciting agreement by defendants to give plaintiff one-half of royalty in land described and to divide equally all money obtained for certain royalties and to execute deeds therefor, royalty when sold to be satisfactory to both parties, *held* not conveyance, since providing for execution of deed for royalties nor was it sale since it provided that sale should be satisfactory to defendants.

**5. Brokers ⬤⟿84(1)—Plaintiff not relying on contract to prove consideration was required to show performance of services agreed on to recover.**

In suit under contract to recover share of royalties for services performed in selling royalties in land to pay off incumbrances, plaintiff not relying on contract to prove consideration was required to show that he performed services agreed on and thereby paid consideration in order to recover.

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Action by J. A. Batson against W. E. Bentley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 295 S. W. 316; 297 S. W. 769.

Elliott & Moss, of Memphis, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

Clayton Heare, of Shamrock, for appellees.

JACKSON, J. This suit was instituted in the district court of Wheeler county, Tex., by the appellant, J. A. Batson, against the appellees, W. E. Bentley, his wife, Bertie Bentley, and M. Reynolds.

The appellant alleges that in 1925 W. E. Bentley was the owner of certain lands known and described as sections Nos. 42 and 64 in block 24, H. & G. N. Ry. Co. survey in Wheeler county, Tex.; that W. E. Bentley was indebted to the Oklahoma Farm & Mortgage Company and to the Fidelity Bank & Trust Company, in the aggregate sum of $28,000, which was past due and secured by a valid lien against said land; that suits were about to be instituted to collect said money and foreclose said liens, which, if done, would result in the loss of the land by the Bentleys, all of which was well known to them and the appellant; that W. E. Bentley, by ·written contract, gave to appellant the exclusive right, assisted by said appellee, to sell the royalty in and under the land, and to obtain and assist in obtaining purchasers for a sufficient amount of said royalty to pay off and discharge said indebtedness and liens, and thereby save the land for the

Bentleys; that by the terms of the written contract, appellant was to receive one-half of one-eighth of the royalty to be retained by the Bentleys on the southeast one-fourth of said section 42; that in compliance with said agreement, the appellant devoted his time and money to looking after and perfecting the interest of the Bentleys in said land, obtained an agreement from the lienholders to delay foreclosure of their liens long enough to permit the oil developments to approach up to and near said land, which delay was necessary in order to obtain the best prices for the royalty; that thereafter it became possible to sell said royalty for a sum sufficient to liquidate said indebtedness and discharge said liens; that in compliance with this contract, the appellant did all in his power to save said land for the Bentleys and sell the royalty; that subsequent to the written contract above mentioned, because of the labor done and money he had expended in an effort to carry out said contract, W. E. Bentley agreed that if appellant would continue his efforts to save said land and to obtain purchasers for the royalty that he was to be entitled to one-half of the royalty interest retained by Bentley in the west one-half of the southwest one-fourth and the west one-half of the northwest one-fourth and the southwest one-fourth of said section No. 42; that said last agreement was reduced to writing and delivered to Bentley, who agreed to and assured appellant of the execution thereof, but that he fraudulently neglected the execution of said instrument, and after appellant had performed the services therein provided for, willfully refused to execute 'said contract; that M. Reynolds, having full notice of appellant's rights under and by virtue of said contracts, was contracting to purchase for himself and associates a part of the said royalty, and any right obtained by M. Reynolds and his associates would be subject to appellant's contracts.

The appellant alleges that he, in all things, complied with his part of said contracts, completing the services he was to perform, and through his efforts and assistance a sufficient amount of the royalties were sold, the proceeds thereof applied to the payment of the indebtedness of $28,000, the liens released, and the land saved; that he is entitled to the royalties as alleged, and the failure of the Bentleys to comply with said contracts has resulted to his damage in the sum of $64,000, which is the market value of the royalties he was to receive; that if he is not entitled to recover on the second contract above alleged, in all events he is entitled to recover the market value of the royalty in and under the southeast one-fourth of said section 42, which he alleges to be of the market value of $30,000. He seeks to recover title and possession to the royalty he alleges he was to receive, and, in the alternative, for his damages.

The appellees answered by general demurrer, special exception, and general denial.

The case was tried before the court, without the intervention of a jury, at the September term thereof, 1926, "and the court having heard the pleadings, evidence, and argument of counsel, and fully understanding the same, is of the opinion that plaintiff is not entitled to recover as to either defendant herein." He entered judgment that "the plaintiff, J. A. Batson, take nothing as to either the defendant W. E. Bentley or the defendant M. Reynolds by his suit, but that said defendants each go hence without day," etc., omitting from the judgment the name of Mrs. Bertie Bentley.

The appellant prosecuted an appeal from this judgment to this court, which was dismissed because not a final judgment. Batson v. Bentley et al. (Tex. Civ. App.) 295 S. W. 316.

Thereafter, in response to a motion by appellees, the trial court, on August 22, 1927, during a regular term of the district court of Wheeler county, Tex., after due and legal notice, heard said motion and entered judgment nunc pro .tunc against the appellant and in favor of each of the appellees, W. E. Bentley, Bertie Bentley, and M. Reynolds, and appellant again prosecutes his appeal.

The appellant urges as error the action of the court in rendering the judgment nunc pro tunc, because the effect thereof is to change the substance of the original decree, which is not authorized under the law.

It will be noted that in the original judgment the court states he "is of the opinion that plaintiff is not entitled to recover as to either defendant herein." Affecting the question here presented, article 2229, R. C. S., 1925, provides:

"Where in the record of any judgment or decree of a court, there shall be any omission * * * of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court wherein such judgment or decree was rendered, * * * upon application of either party, according to the .truth and justice of the case. The opposite party shall have reasonable notice of the application for such amendment."

[1] The written contracts sued on, appellant's petition, and appellees' answer furnish sufficient evidence in writing to authorize the entry of the judgment nunc pro tunc. International & Great Northern Ry. Co. v. Dawson (Tex. Civ. App.) 193 S. W. 1145; Batson v. Bentley (Tex. Civ. App.) 295 S. W. 316, and authorities cited.

[2] Appellant challenges as error the action of the trial court in holding that the written instrument covering the southeast one-fourth of section 42 was unenforceable on

the theory that appellant had failed to perform the services which he alleged were the consideration therefor, because the record shows that appellant sued on and offered in evidence said written instrument, which in law purported a consideration, and the appellees having failed to plead failure of consideration, the oral testimony, though offered without objection, could not be made the basis for defeating the written instrument.

Articles 7092 and 7093 of the Revised Civil Statutes of 1911 have been combined, and appear now as article 27 in R. C. S. 1925. Whether or not the article, as now written and adopted by the Legislature, still provides that a written instrument, such as the one under consideration, not under seal, imports a consideration, it is unnecessary for us to determine. The instrument upon which appellant relies reads as follows:

"Royalty Agreement.

"That W. E. Bentley and wife of Shamrock, Texas, for and in consideration of the sum of $1.00 (and other good and valuable consideration), receipt of which is hereby acknowledged, have bargained and do by these presents bargain and agree with the said J. A. Batson, of Amarillo, Texas, the following property, estate, right, title and interest, to wit:

"An undivided one-half of ($\frac{1}{8}$) royalty interest in all of the oil, gas, coal and other minerals now, or at any time hereafter lying in or under the following described tract of land (or any part thereof): S. E. $\frac{1}{4}$ of section 42, block 24, H. & G. N. Sur. situated in the county of Wheeler, state of Texas.

"It is expressly agreed and understood that the said J. A. Batson is to have $\frac{1}{2}$ of $\frac{1}{8}$ royalty of the above-described royalty, and we agree to divide equally with the said J. A. Batson, all amounts (money or otherwise) that he may obtain for said royalty and agree to execute proper deeds for same, showing good and merchantable title.

"This royalty when sold shall be satisfactory to both parties herewith and well divided equally to both parties.

"Witness our hands Jan. 30, 1925.
"W. E. Bentley."

[3, 4] Examination of this instrument discloses that it did not give to appellant, as alleged, the exclusive agency to sell royalty; it is not a conveyance to appellant, because it provides that the Bentleys shall divide equally with appellant all that he may obtain for the royalty under the land described, and that they will execute a proper deed thereto, if sold; that it is not a sale because it provides that any sale of the royalty made shall be satisfactory to the Bentleys as well as to appellant. The consideration of one dollar and other good and valuable consideration recited in the contract manifestly was not the consideration to be paid for the royalty, even though the instrument was an assignment or a contract to assign.

The appellant placed W. E. Bentley on the stand, by whom he proved that a one-half of one-eighth of the royalty under the southeast one-fourth of section 42 was to be assigned to Batson for his services in selling royalty; that after eleven months, appellant had failed to sell any royalty; and that he himself found purchasers and sold and assigned the royalty to such purchasers without any assistance from appellant.

Appellant testified that when the trade was made, Bentley said, "If I would stay with him and help him get out of debt, he would give me half the royalty on the southeast quarter of section 42, block 24"; that part of the agreement was evidenced in writing; that Exhibit A, which we have heretofore set out, is a copy of the original agreement that he entered into with Mr. Bentley; that in consideration of that agreement he was to sell and assist Bentley in the sale of royalties and oil leases, from the proceeds of which the indebtedness would be paid and the land saved, and at that time. they agreed on the value of the royalty and what royalty would be offered for sale and the price to be asked for it; that the documents "B," "C," and "D" represent the prices at which royalty was to be sold; that he did not sell any leases to anybody; that he spent some money and devoted considerable time in his efforts to get the foreclosure suit delayed and to find purchasers and make certain corrections in the title. Exhibit D, which was never executed and which describes the southeast one-fourth of said section 42, provides that J. A. Batson is to have the sale thereof at $50 per acre, and to receive one-half of the price he may obtain for the lease, and that Bentley and his wife should execute a proper release thereto when the sale should be made.

Without stating the testimony in detail, suffice it to say that it is amply sufficient to authorize the conclusion that appellant did not sell either royalty or leases, did not assist in the sale that was made, and did not perform the services he had contracted to perform for the royalty. The testimony discloses that suit had been filed for foreclosure of the liens before Bentley succeeded in finding a purchaser and making a sale.

If this instrument is a contract for the sale of royalty, it is an executory contract. Speaking of a bond for title, the Supreme Court says:

"They evidence a contract of sale; and they bind the obligor to make a conveyance, in case the obligee shall not make default in the performance of his part of the contract. But they do not pass the title absolutely. In case of the default of the vendee, the vendor may elect to abandon the contract, and recover back or alienate the land, upon giving notice to the vendee and his refusal to perform his part of the contract, although by its terms the making of the title and payment of the purchase money be not dependent covenants. * * * The evi-

dence would have well warranted the jury in finding that the price had been paid, especially after so great a lapse of time, and that thereby the title became vested absolutely in the vendee, Fitchett. But that was a question for the jury." Secrest v. Jones, 21 Tex. 121–132.

"That the payment of a valuable consideration must be proved where the instrument itself does not recite payment, in order to make such contracts valid muniments of title, enforceable against the obligor or those holding under him has long been the established law in this state." Randell v. Robinson (Tex. Civ. App.) 172 S. W. 735.

In construing a contract entered into between John Charles Beales and his wife, as first parties, and J. C. Kerbey and C. R. Johns, as second parties, on May '30, 1867, which provided that first parties would convey a one-half interest in the land involved to second parties, in consideration that second parties should settle and adjust the title to said lands granted to Beales' wife by the government of Mexico, the Supreme Court holds that it was necessary "to prove such performance of the terms of the contract of May 30, 1867, as would entitle J. C. Kerbey and C. R. Johns to the interest in the land thereby provided for." Carothers v. Alexander, 74 Tex. 309, 12 S. W. 4.

[5] The appellant did not rely on the written contract sued upon, to prove the consideration, but undertook, by oral testimony, to show that he had performed the services agreed upon and thereby paid the consideration agreed upon between himself and the Bentleys. This, under the foregoing authorities, it was incumbent upon him to do in order to recover. The testimony being sufficient to warrant the court in concluding that he had not performed the services which were to be the consideration for the royalty, this assignment is overruled.

The judgment is affirmed.