**OKLAHOMA NATURAL GAS CORPORATION v. MUNICIPAL GAS CO. OF MUSKOGEE, OKL., et al.**

No. 1979.

Circuit Court of Appeals, Tenth Circuit.

June 13, 1940.

Rehearing Denied July 29, 1940.

Paul Pinson, of Tulsa, Okl. (I. J. Underwood, Sam S. Canterbury, and O. L. Lupardus, all of Tulsa, Okl., on the brief), for appellant.

D. D. Panich, of Little Rock, Ark. (J. W. House, of Little Rock, Ark., and Edward J. Hennessy, on the brief), for appellee Municipal Gas Co.

C. A. Ambrister, of Muskogee, Okl., for appellee City of Muskogee, Okl.

Before BRATTON and HUXMAN, Circuit Judges, and MURRAH, District Judge.

MURRAH, District Judge.

The Oklahoma Natural Gas Corporation, hereinafter called Oklahoma Natural, appeals from a judgment of the trial court awarding it nominal damages and costs for the wrongful disconnection of its gas lines by the City of Muskogee, hereinafter called City, and the connection of the same with the Municipal Gas Company of Muskogee, hereinafter called Municipal.

The line, in question, provided service for approximately 97 consumers and was maintained for that purpose. The cause was tried below on a remand from this court, reversing the trial court; decreeing the acts of the City and Municipal to be wrongful and directing the Court to award Oklahoma Natural damages "susceptible to legal proof." Oklahoma Natural Gas Corporation v. Municipal Gas Company et al., 10 Cir., 38 F.2d 444, 447. The facts are detailed in the opinion of the court, supra, and it is not necessary to repeat them here. The case was referred to a special master to ascertain the amount of damages sustained by Oklahoma Natural by reason of the wrongful acts of the City and Municipal. The master found that Oklahoma Natural did not sustain any actual damages "susceptible of legal proof"; awarded nominal damages to Oklahoma Natural and assessed the costs against it. The trial court entered judgment in accordance with the recommendation of the master, with modifications to assess the costs against the City.

The parties here agree that the findings of fact by the special master, as adopted by the court, are correct and that the principal question for our determination is the correctness of the trial court's judgment in holding that Oklahoma Natural was entitled to recover only nominal damages by reason of the established wrongful acts of the City and Municipal.

It is agreed that during the period which Oklahoma Natural was disconnected from the City line and the Municipal was connected, the Municipal sold to the consumers, on the line in question, four hundred and one thousand, seven hundred and sixteen million cubic feet of gas; that Municipal received $75,514.50 for the said amount of gas, at the "burner tip". Had Oklahoma Natural been connected to the said line it

would have furnished the same amount of gas and would have received therefor the same amount of revenue.

It is further agreed that it would have cost Oklahoma Natural .09 per thousand, or $36,154.44 to produce and deliver this amount of gas at the "well"; .2818 per thousand, or $93,117.76 at the "city gate"; .6208 per thousand or $249,385.29 at the "burner tip."

Oklahoma Natural admits that the above figures show it would have cost more to produce and deliver the gas at the "burner tip" than the revenue derived, but contends that by virtue of its contract to produce and deliver gas to other consumers on other lines in the City it would have cost no more to produce and deliver the additional amount of gas involved here to the "burner tip"; that its loss would have been diminished by the difference in the cost at the "well" and its value at the "burner tip" and it is entitled to damages for the difference between $75,514.50, the agreed value and $36,154.39, the cost at the "well", or the sum of $39,360.06.

The trial court took the view that the cost of the gas to Oklahoma Natural, at the "burner tip", was the proper basis in computing the damages to Oklahoma Natural and it cost more to produce and deliver than the revenue derived therefrom. Therefore, the result would be a loss and not a profit; that the measure of damages is based upon the net profits which Oklahoma Natural would have realized by the performance of its breached contract. No net profits having been shown, it could not recover damages.

By simple mathematical calculation it is made clear that the potential profit in the gas contract was absorbed and turned into an enormous loss between the production of the gas at the "well" and its delivery at the "burner tip". The reason for this enormous spread between the "well" and the "burner tip" is not shown by the record.

■ Performance of the breached contract required Oklahoma Natural to produce and deliver the gas, in question, to the "burner tip" and the cost of delivering the same to the "burner tip" is an item of expense which must be considered in determining the question of damages. " * * * the measure of damages in this case is the difference between the cost of production and the contract price." Rogers v. Oklahoma City, 45 Okl. 269, 145 P. 357, 359. Oklahoma Natural has not proven any ac-

tual damages until it is shown what constituted the difference in the profit at the "well" and the loss at the "burner tip"; this Oklahoma Natural failed to do. Therefore, no damages "susceptible to legal proof" are shown by the record and the contention of Oklahoma Natural is unsound.

It may be assumed that the cost at the "well" is the proper basis for computing the damage, yet it must be shown that no other cost or expense would be incurred by the delivery of this gas at the "burner tip". The proof shows an enormous cost. Whether it be leakage, cost of maintaining the lines, delinquent collections or other items is a matter of speculation and uncertainty. " * * * No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin." Section 5976, C.O.S.1921, Title 23, Section 21, Oklahoma Statutes Annotated. Damages cannot be sustained on such proof. Choctaw, O. & G. R. Co. v. Jacobs, 15 Okl. 493, 82 P. 502; Bokoshe Smokeless Coal Co. v. Bray, 55 Okl. 446, 155 P. 226; City of Collinsville v. Brickey, 115 Okl. 264, 242 P. 249; Prager's Paris Fashions v. Seidenbach, 113 Okl. 271, 242 P. 260; Keener Oil & Gas Co. v. Stewart, 172 Okl. 143, 45 P.2d 121; and Ellerson v. Grove, 4 Cir., 44 F.2d 493.

■ The burden is upon Oklahoma Natural to ascertain by proof the amount of damages it sustained and having failed to establish by proof the amount of its damages it is entitled to nominal damages only. Gourley v. Lookabaugh, 48 Okl. 65, 149 P. 1169.

■ Oklahoma Natural also complains of the failure of the trial court to adjudicate the issues between the plaintiff and defendant, Municipal, contending the judgment of the court is against the City alone and that no disposition is made of the issues raised between Oklahoma Natural and Municipal. The conclusions of law of the trial court recites "the costs of this action shall be charged to the defendant, City of Muskogee"; the judgment recites "It is, therefore, ordered, adjudged and decreed by the court that the plaintiff be awarded damages in the sum of $1.00 and the costs herein expended."

The Municipal was adjudicated a bankrupt in the District Court of the state of Arkansas subsequent to the filing of this suit and a suggestion of bankruptcy was filed in this action three days thereafter.

The record discloses that the trial court, at the time of the rendition of its judgment, had knowledge of such bankruptcy proceedings. Here the two defendants were jointly and severally liable. The judgment is in favor of the plaintiff but does not indicate that it was intended to run against one defendant and not the other unless it may be said that the court's conclusion of law awarding the costs against the City indicated an intention not to render judgment against the Municipal.

We conclude that a judgment in favor of the plaintiff in such circumstances must be construed to be an award against both defendants. International & G. N. Ry. Co. v. Dawson, Tex.Civ.App., 193 S.W. 1145.

The judgment of the trial court is affirmed.