NO. 07-02-0001-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 3, 2002

_____


LEE ROY SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B12346-9604; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]


Pursuant to a plea bargain, appellant Lee Roy Sanchez was convicted of criminal solicitation and punishment was assessed at five years confinement and a $750 fine, suspended for five years. Upon the State's motion, community supervision was revoked for violations of conditions and terms thereof, and the original punishment was assessed.

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief; however, he did file a "Motion for New Appointed Counsel." The State did not favor us with a brief.

Appellant was convicted of criminal solicitation and placed on community supervision in 1996. In 1998, upon the State's motion to revoke, the trial court entered an order continuing appellant's community supervision to seven years with modifications to the conditions thereto. On October 30, 2001, the State again filed a motion to revoke alleging that appellant had failed to (1) report to his community supervision officer; (2)

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

advise his community supervision officer of the correct address of his residence and place of employment; (3) pay restitution; and (4) complete community service at the rate of at least eight hours per month.

At the hearing on the State's motion appellant plead true to the first allegation and true to the second allegation only to instances after March 2001 and plead not true to the third and fourth allegations. After being properly admonished, the trial court found that appellant's pleas of true were freely, voluntarily, and knowingly made. Appellant's community supervision officer testified that he had failed to report as directed since March 2001 until the date of the hearing held on December 10, 2001. She further testified that he was delinquent in the amount of $400 in restitution payments and $320 in arrears in his probation fees. Regarding the eight hours per month minimum of community service, the officer testified that appellant had failed to complete eight hours for various months since August 1998 through October 2001. On cross-examination, defense counsel showed discrepancies in the community service hours performed.

Appellant testified and explained that after hearing the testimony of his community supervision officer regarding restitution payments, he agreed with her figures notwithstanding his plea of not true. He testified that due to personal problems and some difficult times, he did not comply with the required conditions of community supervision since March 2001. Following appellant's testimony, the trial court revoked his community supervision based on his pleas of true and the evidence presented.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

Appellant's community supervision officer presented evidence of the alleged violations of community supervision and appellant plead true to two of the allegations. He also testified that he agreed with the evidence presented establishing he was in arrears in restitution payments. Based on the foregoing, we find the trial court did not abuse its discretion in revoking appellant's community supervision and imposing the original sentence.

The assistance of counsel is only guaranteed if this Court determines, after its own separate inquiry, that nonfrivolous issues are presented in this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Having found no nonfrivolous issues after an independent examination of the entire record, we have reviewed the merits of the appeal without the assistance of new counsel and find that the appeal is frivolous and without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477

4

S.W.2d 577, 578 (Tex.Cr.App. 1972).  Thus, appellant's *pro se* motion for appointment of new counsel is overruled.

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.